UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRENTAE FELTON,

    Plaintiff,

v.                                                    Case No.:

MILLER PIPELINE, LLC,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Andrentae Felton, by and through undersigned counsel, brings this action against Defendant, Miller Pipeline, LLC, and in support of his claims states as follows:

### **JURISDICTION AND VENUE**

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has pendant jurisdiction of Plaintiff's state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida.

### **PARTIES**

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a natural gas distribution, transmission pipeline and utility contracting company throughout Polk County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

14. Plaintiff is an African-American.

15. Plaintiff began working for Defendant as a Technician 2 in October 2017, and he worked in this capacity until April 2019.

16. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

17. Plaintiff was written up for not working in heavy lightning and thunder when the remaining crew members were in the hotel.

18. Plaintiff was convicted of Driving Under the Influence ("D.U.I.") and was terminated by Defendant.

19. On or about April 16, 2019, Defendant terminated Plaintiff solely because of Plaintiff's race.

20. On or about April 10, 2019, Plaintiff complained to Defendant about the discrimination that he was suffering at work, including being forced to work in the lightning and thunder when others did not have to do so.

21. Specifically, Defendant did not terminate and allowed a Caucasian employee who was convicted for Driving Under the Influence (D.U.I.) to continue working even though that employee could no longer drive the company vehicles, and needed a chauffeur to bring him to the company's worksites.

22. After Plaintiff complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

23. After Plaintiff complained about Defendant's discrimination and disparate treatment, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
**(RACE DISCRIMINATION)**

24. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. Plaintiff is a member of a protected class of persons under Section 1981.

26. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

27. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

28. Defendant's actions were willful and done with malice.

29. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

30. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

31. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class of persons under Section 1981.

33. By making a complaint to Defendant about the racial discrimination, Plaintiff engaged in protected activity under Section 1981.

34. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

35. Defendant's actions were willful and done with malice.

36. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

37. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

38. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. Plaintiff was subjected to disparate treatment on account of his race, including being terminated for the same conviction as another Caucasian employee that was not terminated.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff engaged in protected activity under the FCRA by complaining about the discrimination to Defendant.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

48. Defendant's actions were willful and done with malice.

49. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of April, 2020.

Respectfully submitted,

/s/ Brandon J. Hill

_____
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**